```
IN THE DISTRICT COURT OF THE UNITED STATES
     FOR THE DISTRICT OF SOUTH CAROLINA
          ANDERSON/GREENWOOD DIVISION
```

| | |
|---|---|
| Karen L. Burgess, | Civil Action No. 8:09-3096-JFA-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, | **OF MAGISTRATE JUDGE** |
| Commissioner of Social Security, | |
| Defendant. | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Karen L. Burgess, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

## RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS

The plaintiff was 36 years old on her alleged disability onset date and 41 years old at the time of the second Administrative Law Judge's (ALJ) decision in April 2006. (R. at 44, 49.) She alleges she became disabled on September 6, 2001, due to leg and back pain. (R. at 44, 49.) She has completed one year of technical college and has worked as a contract analyst, receptionist/data clerk, secretary and administrative worker. (R. at 50, 55, 62.)

The plaintiff protectively filed her applications on October 23, 200. (R. at 44-46, 58, 122-24). After initial and reconsideration denials (R. at 23-36, 125-30) and a *de novo*

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

hearing (R. at 136-62), an administrative law judge (ALJ) issued an unfavorable decision on March 27, 2003, finding the plaintiff not disabled (R. at 15-21, *duplicated* at R. at 352-58). The Appeals Council denied the plaintiff's request for review of the ALJ's decision on January 23, 2004 (R. at 5-7), and the plaintiff sought judicial review. On July 13, 2005, this Court, in civil action number 8:04-502-JFA, reversed and remanded the Commissioner's decision for further administrative proceedings (R. at 196-211). The Appeals Council entered its remand order on October 17, 2005 (R. at 213-15). Following a new hearing (R. at 362-87), a different ALJ issued an unfavorable decision on April 21, 2006, finding the plaintiff not disabled (R. at 181-90). Over three years later, the Appeals Council denied the plaintiff's request for review of that decision, on September 24, 2009 (R. at 163-65). Thus, the April 21, 2006 ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481 (2009).

In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2006.
>
> (2) The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).
>
> (3) The claimant has the following severe impairments: degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of sedentary work activity. Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally with

a sit/stand option. Additionally, the claimant cannot perform work requiring crawling or more than occasional balancing, stooping, crouching, and bending. She is further restricted from work requiring her to push or pull with her legs. Such a residual functional capacity is well supported by the weight of the evidence of record.

(6) As a result of her residual functional capacity as stated above, the claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on February 26, 1065, and was 36 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not an issue in this case (20 CFR 404.1568 and 416.968).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

(11) The claimant has not been under a "disability," as defined in the Social Security Act, from September 6, 2001 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the

4

Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

As discussed, this is the plaintiff's second appeal to this Court to cure what she contends is an erroneous denial of benefits due her. She has been pursuing a determination of disability for nearly a decade. It is, therefore, a difficult thing to conclude that the most recent decision of the Commissioner does not justify a second remand or an outright award. In her brief, the plaintiff again argues that the ALJ erred in failing to find her disabled. Specifically, the plaintiff alleges that (1) the ALJ erred in conducting an improper credibility analysis and violated plaintiff's due process right to a full and fair hearing; and (2) the appeals council's delay justifies an award of benefits. The Court will address each alleged error in turn.

**I.     Credibility Analysis**

The plaintiff first complains that the ALJ failed to perform a proper credibility analysis. Federal regulations, 20 C.F.R. §§ 416.929(a) and 404.1529(a), provide the authoritative standard for the evaluation of subjective complaints of pain and symptomology. *See Craig*

5

*v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996). Under these regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Id.* at 594. First, "there must be objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 591 (quotation and emphasis omitted). This threshold test "does not . . . entail a determination of the 'intensity, persistence, or functionally limiting effect' of the claimant's asserted pain." *Id.* at 594. Second, and only after the threshold inquiry has been satisfied, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. When the ALJ fails to "expressly consider the threshold question" and instead proceeds "directly to considering the credibility of [the] subjective allegations of pain," remand is warranted. *Id*. at 596.

It is critical to proceed through the steps in order, because "once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain." *Id.* at 593. In other words, once an ALJ concludes that an impairment could reasonably be expected to produce the pain alleged, he ought to view any inconsistency or defect in the plaintiff's subjective testimony through a more discriminating lens because the plaintiff's subjective allegations, at that point, are consistent with the objective expectations.

The plaintiff contends that after the ALJ found in her favor regarding the first step she was entitled to rely *exclusively* on subjective evidence to prove the second. Respectfully, the Court would suggest that the plaintiff's position is not the law. In support she has relied upon *Hines v. Barnhart*, 453 F. 3d 559 (4th Cir. 2006), wherein the Fourth Circuit remarked, "Because pain is not readily susceptible of objective proof, *the absence of objective medical evidence of the intensity, severity, degree, or functional effect of pain is not determinative*." *Id*. at 565 (emphasis in original). But, to say that the absence of objective evidence is not *dispositive* is not the same as saying that the plaintiff may rely on subjective evidence,

6

exclusively, as the plaintiff would contend, where objective evidence is also available. In fact, as the defendant rightly emphasizes, in *Hines,* the court recognized the Commissioner's Fourth Circuit standard, which plainly states that "[o]bjective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available should be obtained and considered." *Id*. at 564 (emphasis added). Likewise, in *Craig*, the Fourth Circuit was previously clear to note that a credibility evaluation must "take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history . . . any *objective medical evidence of* pain and any other evidence relevant to the severity of the impairment, such as the claimant's daily activities . . . ." *See Craig*, 76 F.3d at 595 (emphasis added). Such evidence is properly considered at step two, as to both "amount and degree." *Id*. at 591. The ALJ acknowledged this precise balance between considering, but not demanding, objective proof of pain or other subjective symptomology. (See R. at 187.)

In the case at hand, the ALJ reasonably considered a number of factors, one of which was the fact that "objective medical testing has failed to reveal any chronic nerve root impingement, motor loss, sensation deficits, or significant limitations in [Plaintiff's] range of motion." (R. at 187.) That observation regarding objective findings is affirmed by substantial evidence of record. (See 83, 88, 289, 291, 297, 301, 303.)

But, to be clear, the plaintiff has not contested the objective evidence itself, as insufficient or inaccurate or otherwise ineffective. Rather, she simply contends that it was out of bounds to consider at all. As discussed, the point is not taken. The ALJ's reliance on objective evidence at step two was not in error but was in keeping with this Circuit's instruction.

## II. Due Process

The plaintiff next contends that her due process rights were violated when her counsel was prohibited from cross-examining the vocational expert. Specifically, the plaintiff

7

claims that counsel repeatedly attempted to question the vocational expert as to the foundation for his conclusion that the jobs identified were valid despite their conflict with the Dictionary of Occupational Titles, ("DOT") Revised, U.S. Department of Labor. (R. at 381-82.) A VE must explain any discrepancies between the demands of the job identified and the description of that same job in the DOT. The plaintiff complains that the ALJ refused to allow counsel to question the VE and stated, "I guess you have something to take up on appeal." (R. at 381-82.)

Occupational evidence provided by a VE generally should be consistent with the occupational information provided by the DOT. The ALJ has a duty to ask the VE to identify and explain any conflicts with the DOT. *See* SSR 00-4p. Accordingly, the ALJ must elicit a reasonable explanation for any "apparent unresolved conflict" between the VE evidence and the DOT before relying on the VE to support a determination about whether the claimant can perform any work. *See id.* A VE's conflicting testimony can only be used if the ALJ finds that it is based on "other reliable publications" or the expert's own "experience in job placement or career counseling." SSR 00-4p, 2000 WL 1898704 at *2; *see also Fisher v. Barnhart*, 181 Fed. Appx. 359, 365-66 (4th Cir. 2006) (Unpublished).

The Court agrees with the defendant that the plaintiff's characterization of the exchange is not entirely complete. The ALJ did allow cross-examination of the kind the plaintiff claims was disallowed and only asked counsel to discontinue questioning to the extent the VE had already given an answer. (R. at 380-81.) Specifically, the ALJ expressly confirmed with the VE that his testimony was consistent with the DOT and that, where it was not, his conclusions were based on his experience as a vocational expert. (R. at 379.) Following this affirmation, plaintiff's counsel asked concerning inconsistencies between the VE's testimony and the DOT's description of machine tender jobs in regards to whether such jobs allowed for a sit/stand option:

> Atty: Okay. And with all the hypotheticals there was a sit and stand at will option.
>
> VE: Yes, ma'am.

| | | |
|---|---|---|
| Atty: | | And is that based on the DOT that these jobs allow this? |
| VE: | | No, ma'am, the DOT does not address a sit/stand option either way. *It's, as previously stated, that portion of testimony is predicated on experience in the field.* |
| Atty: | | Okay. Can you please explain what experience you're talking about? |
| VE: | | It's – |
| Atty: | | First of all, when you say experience you're not talking about public, public studies or statistical sources? |
| VE: | | No, *I'm talking about me placing clients in jobs*. |

(R. at 379-80 (emphasis added).)

Vetting the alleged experience, plaintiff's counsel continued to ask the VE to specify what jobs he had placed and how many. (R. at 380.) The VE stated that it was "literally thousands of clients over the years," a majority of which were in an "industrial setting[]" but that it would be "impossible to estimate" with any greater specificity. *Id*. It was at the point, when counsel pressed further, that the ALJ intervened to clarify whether or not the attorney was challenging the VE's expertise, a matter already stipulated to. *Id*. The attorney said she was not questioning his expertise, generally, but rather his specific foundation for the testimony concerning the sit/stand option. *Id*. The ALJ reminded counsel that the VE had "already testified that basically it's from his observations and placements." *Id*. It was counsel's subsequent efforts to follow in this particular line of questioning, which elicited from the ALJ the remark that she now had "something to take up on appeal." (R. at 381.)

The debatable taste of the remark aside, it did not represent any sort of abrogation of due process. The VE had already, and in a number of ways, indicated that his testimony was based on his vast experience in placing clients in the type of occupational settings at issue. (R. at 379-81.) Plaintiff's counsel believed that the question had not been answered with sufficient specificity; the ALJ disagreed. An examination of the above colloquy, confirms for the undersigned that the ALJ's view, that the matter had been asked and answered, was proper. As stated, a VE's testimony, in conflict with the DOT, can be used

9

if the ALJ finds that it is based on the expert's own "experience in job placement or career counseling." SSR 00-4p, 2000 WL 1898704 at *2; *see also Fisher v. Barnhart*, 181 Fed. Appx. 359, 365-66 (4th Cir. 2006). The ALJ, expressly, so found. (R. at 379-80.) Moreover, as the United States Supreme Court has observed, "the conduct of the hearing rests generally in the examiner's discretion." *Richardson v. Perales*, 402 U.S. 389, 400 (1971). The Court cannot discern any error.

### III.     Appeals Council Delay

Lastly, the plaintiff contends that the sheer expanse of time, nearly 10 years, which has elapsed in the pursuit of her benefits, including a three year delay between the ALJ's decision after this Court's first remand and the Appeals Councils denial of her appeal, constitutes a fundamental abrogation of due process. The Court would lament the delay. These cases are exhausting and, in the plaintiff's condition, insufferable, emotionally. Maybe the only thing that rivals the agony of the actual physical discomfort and pain is the anguish that the ongoing uncertainty of outcome brings. The Court would apologize institutionally for the systemic drag. As the defendant notes, the substantial caseload at the administrative level is well-documented. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("The [Social Security Administration's] administrative structure and procedures, with essential determinations numbering into the millions, are of a size and extent difficult to comprehend."). Although to a lesser extent, the undersigned is acquainted such demands. Notwithstanding, this kind of failure of the system, under the circumstances, does not amount to legal relief for the plaintiff.

The plaintiff cites *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the proposition that the length of time which a claimant is deprived of benefits is a crucial factor in assessing the damage to the claimant's private property interest. *Id*. at 341. As the defendant clarifies, however, in *Matthews*, the court was addressing procedures related to the termination of a claimant's *pre-existing* benefits, not speculating that a claimant who had not been awarded benefits was being "deprived" of them. *Id*. at 339-40.

The plaintiff has not cited any authority to suggests that delay, of any length, can actually justify the characterization of a non-disabled claimant as disabled and entitled to benefits. Nor has the plaintiff cited any specific and actual prejudice to her substantive case resulting from the admittedly unacceptable delay. *See Bordes v. Commissioner of Social Sec.*, 235 Fed. Appx. 853, 860 (3rd 2007) (rejecting laches argument against Appeals Council for a failure to show inexcusable delay or prejudice).

The Court is not comfortable with the outcome of the case. But the undersigned has not been given any basis to make an outright award of benefits.[2]

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED

                                          S/Bruce H. Hendricks
                                          BRUCE H. HENDRICKS
                                          UNITED STATES MAGISTRATE JUDGE

December 10, 2010
Greenville, South Carolina

---

[2] In her Reply brief, the plaintiff attempts to recharacterize her initial brief as also alleging a failure of the ALJ to consider the combined effect of the plaintiff's impairments. Notwithstanding a reference to such combined effects in the conclusion of her initial brief [Doc. 14 at 12], the plaintiff made no such objection. To the extent the Reply brief raises it anew, the defendant has not had proper occasion to address it, as sur-replies are generally discouraged. Even still, the Court has reviewed the ALJ's decision and is satisfied that the ALJ took the impairments in total.