IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Karen L. Burgess, | ) | C/A No. 8:09-3096-JFA-BHH |
|                 Plaintiff, | ) ) | |
| v. | ) | ORDER |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
|                 Defendant. | ) ) ) | |

The plaintiff, Karen L. Burgess, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on December 10, 2010. The plaintiff has filed timely

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

objections to the Report. It thus appears this matter is ripe for review.

## PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on October 23, 2001 alleging disability as of September 6, 2001, due to leg and back pain. The plaintiff was 36 years old at the time of her first hearing. She completed one year of technical college and has worked as a contract analyst, receptionist/data clerk, secretary, and administrative worker.

The plaintiff's application was denied initially and on reconsideration. The Administrative Law Judge's decision of March 27, 2003 (finding no disability) became final when the Appeals Council denied plaintiff's request for review on January 23, 2004. The plaintiff sought judicial review of that decision in this court on February 18, 2004. On July 13, 2005, the undersigned reversed and remanded the Commissioner's decision for further administrative review.

On October 17, 2005, the Appeals Council entered a remand order to another ALJ, who issued an unfavorable decision on April 21, 2006. The Appeals Council denied plaintiff's request for review of that decision on September 24, 2009. The present action for judicial review was filed on November 25, 2009.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry:  whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work.

3

*Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## DISCUSSION

### *The ALJ's Findings*

In his decision of April 21, 2006, the ALJ determined at the first three steps that the plaintiff had not performed substantial gainful activity since the alleged onset of disability, that she had severe impairments, and that her impairments were not presumptively disabling under the Commissioner's regulations. The ALJ found that plaintiff's subjective complaints of disabling limitations were not fully credible, and that she had the residual functional

4

capacity to perform a reduced range of sedentary work.[2]  Based on the vocational expert's testimony, the ALJ found that the plaintiff was unable to perform her past relevant work, but could perform certain jobs existing in the national economy in significant numbers.  Thus, the ALJ concluded that the plaintiff was not disabled.

*The Plaintiff's Argument*

The plaintiff contends that the ALJ erred by (1) failing to conduct a proper credibility analysis; (2) violating plaintiff's due process right to a full and fair hearing; and (3) that the Appeals Council's delay justifies an award of benefits.

The Magistrate Judge recommends that the Commissioner's decision affirmed.

DISCUSSION

*Credibility Analysis*

The plaintiff first argues that the ALJ failed to perform a proper credibility analysis of the plaintiff by considering objective medical findings and weighing those findings against the plaintiff's complaints of disabling pain.  The plaintiff asserts she was entitled to rely exclusively on subjective evidence to prove the second step, but the ALJ considered the objective evidence.

The Commissioner notes that the plaintiff does not challenge the ALJ's finds at the first three steps of the sequential evaluation process, just at steps 4 and 5 regarding the ALJ's assessment of the plaintiff's residual functional capacity (RFC) with regard to her complaints

---

[2] That is, she could lift and carry up to 10 pounds occasionally and lesser amounts frequently; sit for six hours and stand and walk occasionally in an eight-hour work day, with the option to alternate sitting and standing; never crawl or push or pull with her legs; and occasionally balance, stoop, crouch, and bend.

of subjective complaints of disabling limitations. The ALJ found such statements to not be credible.

The two-part analysis for subjective complaints is set out in *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996). First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Not until such underlying impairment is deemed established does the fact finder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints.

The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but he must explain, with specific reasons, the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Moreover, the weight given to those statements, as well as the reasons for that weight, must be clear.

In the present action, the ALJ found (at the first step) that plaintiff had impairments capable of producing her symptoms. The plaintiff contends that the ALJ then erred at the second step by considering objective medical findings and weighing those findings against the plaintiff's complaints of disabling pain. In other words, the plaintiff claims she was entitled to rely exclusively on *subjective* evidence to prove the second step, but the ALJ considered the objective evidence.

The Magistrate Judge opines that the plaintiff's reliance on *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006) is misplaced, and this court agrees. In *Hines*, a Fourth Circuit panel

held that, "[h]aving met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant] was entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that his pain [was] so continuous and/or severe that it prevent[ed] him from working a full eight-hour day." Id. at ___.

*Hines* still acknowledged that "[o]bjective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available should be obtained and considered." *Id.* at 564. The court's point in *Hines* was that the absence of objective medical evidence of the intensity, severity, degree, or functional effect of pain is not determinative of the outcome. *See id.* at 565.

The Magistrate Judge further notes that the ALJ reasonably considered a number of facts, one of which was the fact that objective medical testing failed to reveal any chronic nerve root impingement, motor loss, sensation deficits, or significant limitations in plaintiff's range of motion. The ALJ's observation regarding objective findings is affirmed by substantial evidence of record. Moreover, the ALJ's reliance on objective evidence was based on correct law.

*Violation of Due Process — Cross Examination*

The plaintiff next contends that her due process rights were violated when her attorney was prohibited from cross-examining the vocational expert (VE). The record reveals that the ALJ *did* allow cross-examination and only asked counsel to discontinue questioning concerning an issue to which there had already been testimony and stipulation. Specifically,

7

plaintiff sought to cross-examine the VE as to the foundation for his conclusion that the jobs identified were valid despite their conflict with the Dictionary of Occupational Titles (DOT).

The Magistrate Judge suggests that the ALJ's view (that the matter had been asked and answered by the VE) was proper and no due process rights were violated. This court agrees.

## *Appeals Council Delay*

Finally, plaintiff contends that the Commissioner's failure to properly adjudicate her claim for almost 10 years violates her due process right to be heard at a meaningful time and in a meaningful manner. The plaintiff relies on *Matthews v. Eldridge*, 424 U.S. 319 (1976) to support her argument that the length of time which a claimant is deprived of benefits is a crucial factor in assessing the damages to the claimant's private property interest. However, the *Matthews* court was addressing procedures related to the termination of a claimants pre-existing benefits, not speculating that a claimant who had not been awarded benefits was being deprived of them.

As the Magistrate Judge notes in her Report, the plaintiff has not cited any authority to suggest that the delay, of any length, can justify the characterization of a non-disabled claimant as disabled and entitled to benefits. The court finds no violation of the plaintiff's due process rights in this regard.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review

is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The court adopts the Magistrate Judge's Report and Recommendation in full.

Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

February 1, 2011                                Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge